# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 2:43 pm, Jan 09, 2019

| | |
|---|---|
| MICHAEL ANTHONY BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CV418-275 |
| OFFICER DENTON, | ) |
| Defendants. | ) |

# ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Anthony Brown, detained at Chatham County Jail, alleges in his 42 U.S.C. § 1983 Complaint that he was subjected to excessive force and that his right to due process was violated. Doc. 1 at 5-6. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] During the early screening required by § 1915A, the Court must identify "cognizable claims" in the prisoner's complaint and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.

Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule

Brown alleges that he was ejected from his truck and lost consciousness after crashing the vehicle while fleeing Officer Denton in October 2018. Doc. 1 at 5. He regained consciousness when Officer Denton tased him. *Id*. He was cuffed and taken directly to Chatham County Jail for booking, despite complaining of pain. *Id*. Once there, Officer Denton told an on-duty nurse that Brown had fallen, so that he received delayed treatment after being ejected from the vehicle. *Id*. Several hours later, he was taken to the hospital for assessment where he, apparently, (he does not say) received some further treatment for his injuries. *Id.* (noting that he was sent to the hospital only because the jail doctor could not treat him until he had been "cleared" by a hospital doctor).

Brown clearly asserts an excessive force claim against Officer Denton. To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert that the officer's conduct was objectively "unreasonable." *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action.

---

12(b)(6) dismissal).

*Id*. at 397.  "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Id*. at 396 (quotes and cites omitted).

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of a precise definition or mechanical application," . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id*. (cites omitted).  The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balanc[ing] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (*citing Scott v. Harris*, 550 U.S. 372, 383 (2007)).  "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must

3

still slosh our way through the factbound morass of 'reasonableness.'"). Here, Brown alleges that he was tased back to wakefulness after losing consciousness following a car crash. Taken as true,[2] as his allegations must be at this stage, that is enough to warrant a response from Officer Denton.

As to Officer Denton's false statement to the responding jailhouse nurse regarding the nature of Brown's injuries, which apparently caused Brown to only be treated for "minor injuries" (*see* doc. 1 at 5), Brown does not allege that the false statement actually *harmed* him in any way. At most he alleges that he *did* receive medical treatment (albeit not the treatment he desired) from the nurse, and that he *did* receive the medical treatment he desired (albeit delayed by a few hours) from the hospital. *Id*. But, "[w]hen the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" *Blanchard v. White Cty. Det. Center Staff*, 262 F. App'x 959, 964 (11th Cir. 2008) (internal cite omitted).

---

[2] Plaintiff is reminded that lying under oath, either live or "on paper," is illegal and punishable by severe sanctions, including criminal prosecution. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012)

"Deliberate indifference is not established where an inmate received care but desired different modes of treatment." *Id*.  In other words, mere differences of opinion between an inmate and medical staff in how to treat an injury do not a constitutional claim make.  Neither does a delay in treatment (of mere hours, it must be remembered) where no harm occurred as a result of that delay.  Because Brown has not alleged that Officer Denton's "false statement [is] causally connected to some discernible harm," *see Harris v. McKie*, 2018 WL 3766687 at *3 (S.D. Ga. July 16, 2018), his § 1983 for defendant's statement to the nurse should be **DISMISSED**.

In sum, plaintiff's false statement claim should be **DISMISSED** from the Complaint.[3]  His claims for excessive force, however, is **AUTHORIZED** for service and the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the Marshal for service upon Officer Adam Denton (*see State v. Brown*, RCCR18-33500 (Chatham Cty. Super. Ct.)) so that he may respond.

---

[3]  To the extent plaintiff believes he can resuscitate this claim, he remains free to submit an Amended Complaint if he believes that it would cure the legal and factual defects discussed above.  *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012).

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $39.50 in average monthly deposits. Doc. 5. He therefore owes a $7.90 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $7.90 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 9th  day of January, 2019.

*/s/ Christopher L. Ray*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA